**Wallace RICE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 00 Civ. 4056 (MP), 83 Cr. 150 (MP).**

United States District Court, S.D. New York.

Oct. 30, 2000.

---

452

Wallace Rice, petitioner pro se.

Mary Jo White, U.S. Attorney, for the Southern District of New York, New York City (Christopher J. Morvillo, of counsel), for Respondent.

### MEMORANDUM

MILTON POLLACK, Senior District Judge.

Petitioner Wallace Rice has moved the Court to vacate his continuing criminal enterprise ("CCE") conviction because the Court failed to instruct the jury in accordance with *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *Richardson* announced a new rule of criminal procedure. On June 1, 1999, the United States Supreme Court issued its decision in *Richardson v. United States*, declaring that the CCE statute "requires jury unanimity in respect to each individual 'violation' [in the continuing series of violations]." 526 U.S. 813, 825, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). This rule changed the law. Until *Richardson*, there was no requirement for the jury to agree unanimously as to what violations comprised that series.

*Richardson* was decided thirteen years after Petitioner's conviction became final with the denial of his Petition for a Writ of Certiorari in October of 1986. Thus, Petitioner claims—as he must—that *Richardson* is entitled to retroactive effect on collateral review. *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) holds that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."

■ A new rule of law is considered substantive if it has the effect of legalizing certain conduct previously thought to be illegal. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Bilzerian v. United States*, 127 F.3rd 237, 242 (2d Cir.1997).

■ The rule of unanimity announced in *Richardson* does not legalize conduct previously thought to be illegal. Indeed, notwithstanding *Richardson*, it has always been illegal to commit a series of violations of the narcotic's laws for the purposes of the CCE statute, and juries have always been instructed to find that series unanimously beyond a reasonable doubt. *Richardson* merely affects the procedure under which juries review the "continuing series" element of the CCE statute.

Rather than a substantive change in the law, the *Richardson* decision is more accurately seen as a procedural rule under the *Bousley* analysis—a rule that provides a procedure to improve the accuracy of convictions under the CCE statute. *See Bousley*, 523 U.S. at 619, 118 S.Ct. 1604; *see also Teague*, 489 U.S. at 313, 109 S.Ct. 1060 ("accuracy-enhancing procedural rules" are subject to the *Teague* doctrine).

■ Even if *Richardson* were applied retroactively, under the facts of this case, the Court's failure to instruct the jury to agree unanimously on each specific violation required to make up the series for the

CCE conviction was harmless. There can be no question in this case that the jury agreed unanimously (or was provided with more than sufficient evidence to agree) on each component violation for the series element of the CCE.

The Petitioner was actually convicted on two narcotics violations—a substantive narcotics charge and a narcotics conspiracy charge. Clearly, such convictions were unanimous, were violations of the narcotic's laws and qualify as predicates under the CCE statute. Moreover, the Petitioner took the stand and admitted repeatedly and with vivid detail recounted how he engaged in the narcotics distribution and trafficking business from 1973 until 1977. It is clear beyond cavil that the jury agreed unanimously on the requisite series of violations—despite no instructions directing them to so find. Accordingly, the Court's failure to instruct the jury with respect to unanimity did not have a substantial or injurious influence on or effect on the juries' verdict on the CCE charge and, thus, was harmless.

The Petitioner's motion to vacate his CCE conviction is denied.

So ordered.