

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2005

# Rice v. Dodrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rice v. Dodrill" (2005). *2005 Decisions.* Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2603
_____

WALLACE RICE

v.

SCOTT DODRILL, U.S.P. Lewisburg,
United States of America

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-01817)
District Judge:  Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
MARCH 21, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>Circuit Judges</u>.

(Filed: August 18, 2005 )
_____

OPINION
_____

PER CURIAM

Wallace Rice appeals from the District Court's order dismissing his petition for a

writ of habeas corpus.  For the following reasons, we will affirm.

Rice is a federal prisoner incarcerated at the United States Penitentiary in

Lewisburg, Pennsylvania.  In 1983, the United States District Court for the Southern

District of New York sentenced Rice to life in prison for a Continuing Criminal Enterprise (CCE), possession with intent to deliver heroin, conspiracy, and RICO. The United States Court of Appeals for the Second Circuit affirmed. United States v. Thomas, 757 F.2d 1359 (2d Cir. 1985), cert. denied, Rice v. United States, 479 U.S. 818 (1986). In May 2000, Rice filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the sentencing court denied. Rice v. United States, 118 F. Supp. 2d 451 (S.D.N.Y. 2000).[1]

In October 2002, Rice filed the current habeas corpus petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. In his petition, Rice attempts to challenge his conviction and sentence under Ring v. Arizona, 536 U.S. 584 (2002), and Apprendi v. New Jersey, 530 U.S. 466 (2000).[2] He also asserts that he is actually innocent of the sentence of life in prison imposed for CCE. The District Court concluded that Rice cannot proceed under § 2241 because the remedy available to him under § 2255 is not inadequate or ineffective. Accordingly, the District Court dismissed Rice's petition without prejudice to his seeking authorization to file a second or successive § 2255 motion. Rice appeals.

---

[1]Rice also states that his request for authorization to file a second or successive § 2255 motion has been denied. (Appellant's Br. at 3.)

[2]We have not overlooked Rice's citation to Richardson v. United States, 526 U.S. 813 (1999). We decline to consider any claims based on Richardson because such claims were raised and rejected in Rice's § 2255 motion. See Rice, 118 F. Supp. 2d at 452-53.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Id. at 539.

Specifically, we considered in Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), whether § 2255 is inadequate or ineffective for a federal prisoner to challenge his sentence under Apprendi. See Okereke, 307 F.3d at 120-21. We explained that Dorsainvil was the "rare situation" in which an intervening change in law made the crime for which Dorsainvil had been convicted "non-criminal." Id. at 120. Because Apprendi dealt with sentencing and did not render a conspiracy to import heroin "not criminal," we concluded that § 2255 is not inadequate or ineffective to raise an Apprendi argument. Id. at 120-21. Thus, Okereke precludes Rice from raising an Apprendi challenge in a § 2241

3

proceeding. Rice is also precluded from presenting a Ring challenge in a § 2241 proceeding because that decision is based squarely on the rule of Apprendi. See Ring, 536 U.S. at 609.[3]

Rice's assertion of actual innocence does not alter our conclusion. His argument is one of legal innocence, not factual innocence, based on the erroneous premise that Apprendi and cases following it apply retroactively to cases on collateral review. In short, his actual innocence argument is unavailing in this proceeding.[4]

For these reasons, we agree with the District Court that Rice may not proceed under § 2241. Accordingly, we will affirm the District Court's order dismissing his habeas corpus petition.

---

[3]Even if Rice were permitted to proceed under § 2241, he cannot benefit from the rule of Apprendi because it does not apply retroactively to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003). Moreover, Rice could have presented an Apprendi challenge in his § 2255 motion filed in May 2000 and denied on October 30, 2000. The Supreme Court issued Apprendi on June 26, 2000, while Rice's § 2255 proceedings were pending.

[4]The Supreme Court has issued two landmark decisions applying the rule of Apprendi while Rice's appeal has been pending. The first is Blakely v. Washington, 124 S. Ct. 2531 (2004), which Rice cites in his briefs. The other is United States v. Booker, 125 S. Ct. 738 (2005), decided January 12, 2005, which applies Blakely and reaffirms Apprendi in the context of the Federal Sentencing Guidelines. While we have yet to explicate the applicability, if any, of Booker and Blakely in postconviction proceedings, our decision in Okereke remains intact. Because nothing in Booker or Blakely undermines our conclusion or reasoning in Okereke, we are convinced that the remedy provided by § 2255 is not inadequate or ineffective for pursuing such claims.

4