Wallace RICE, Appellant

v.

B.A. BLEDSOE.

No. 09–3831.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
IOP. 10.6 Submitted Dec. 30, 2009.

Opinion filed: Jan. 25, 2010.

Wallace Rice, Lewisburg, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, for B.A. Bledsoe.

Before: Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

This is an appeal from the District Court's dismissal of Wallace Rice's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In 1983, a jury sitting in the United States District Court for the Southern District of New York convicted Rice of participating in a Continuing Criminal Enterprise, possession with intent to deliver heroin, conspiracy, and violations of the Racketeer Influence and Corrupt Organizations Act. The district court sentenced him to life in prison without parole. The Second Circuit affirmed his conviction and

the district court denied his first motion to vacate his sentence under 28 U.S.C. § 2255. *See United States v. Thomas*, 757 F.2d 1359 (2d Cir.1985) (affirming conviction); *Rice v. United States*, 118 F.Supp.2d 451 (S.D.N.Y.2000) (denying § 2255 motion). In 2002, Rice filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania attempting to challenge his conviction. The District Court denied the petition and we affirmed. *See Rice v. Dodrill*, 145 Fed.Appx. 729 (3d Cir.2005) (per curiam) (unpublished). In January, 2006 Rice filed a second motion to vacate in the Southern District of New York which the court denied.

In December 2008, Rice once again filed a § 2241 petition for writ of habeas corpus in the Middle District of Pennsylvania. Rice alleged that the jury's finding of guilt was insufficient to support his conviction inasmuch as the issue of the quantity of drug in his possession was not submitted to the jury and proven beyond a reasonable doubt, but was instead determined by the judge at sentencing and proven only by a preponderance of the evidence. The District Court dismissed Rice's petition for lack of jurisdiction. Rice filed a motion for reconsideration which the District Court also denied. Rice then filed a timely notice of appeal challenging the District Court's order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002). Upon review, we agree with the District Court's dismissal.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249–51 (3d Cir.1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle*, 290 F.3d at 538.

Here, as the District Court held, Rice has not established that a § 2255 motion is inadequate or ineffective to test the legality of his detention. Rice argues that the new statutory interpretation set forth in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir.2005), entitles him to habeas corpus relief. Rice acknowledges that this latest claim does not meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). We have specifically rejected the argument that a § 2255 motion is "inadequate or ineffective" simply because a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive petition. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Rice does not offer any other arguments addressing why § 2255 would be inadequate or ineffective to test the legality of his detention. Further, Rice is not alleging, as the petitioner in *Dorsainvil* did, that a statutory interpretation has rendered the crime for which he was convicted not criminal. Accordingly, a § 2241 petition is not the proper avenue for Rice to challenge his sentence. *Id.* at 120–21 (change in statutory interpretation affect-

ing only sentencing does not permit a petition under § 2241).

In sum, because Rice's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).